UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 09-398

THERON JONES                                SECTION "F"


ORDER AND REASONS

Before the Court is the petitioner's motion seeking post-conviction relief pursuant to 28 U.S.C. § 2255, his accompanying request for an evidentiary hearing, and his motion to amend his motion to vacate. For the reasons that follow, the petitioner's request for an evidentiary hearing is DENIED, the motion to amend is GRANTED, and the habeas petition is dismissed without prejudice; the Clerk of Court is directed to reinstate Jones' criminal judgment to allow him to pursue an out-of-time appeal.

Background

Theron Jones, a federal prisoner, asks this Court to vacate, set aside, or correct his sentence, based on ineffective assistance of counsel. Jones charges, among other things, that his counsel was *per se* ineffective in disregarding his instruction that counsel file a direct appeal.

In 2010 Theron Jones and seven co-defendants were charged by Superseding Indictment with violating the Racketeer Influenced Corruption Act, the Violent Crime in Aid of Racketeering Act, the

1

Federal Controlled Substances Act and the Federal Gun Control Act. Jones and his co-defendants, it was charged, were members of a gang known as the "Josephine Dog Pound," which distributed crack cocaine in two areas in New Orleans.

For his part, Jones pleaded guilty on April 27, 2011, with the assistance of appointed counsel, John Herr Musser, IV, pursuant to a Rule 11(c)(1)(C) plea agreement to the following counts of the Superseding Indictment:  Count 1 (participating in a RICO conspiracy, in violation of 18 U.S.C. § 1962(d)); Count 2 (conspiracy to distribute 280 grams or more of cocaine base ("crack"), a quantity of cocaine hydrochloride, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), (b)(1)(D), and 846); Count 3 (conspiracy to possess firearms in furtherance of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(o)); and Count 23 (using and carrying a firearm during and in relation to a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2)).  At the time of his plea, Jones swore that the facts contained in the Factual Basis were true and correct.

The plea agreement Jones signed outlined his appellate and post-conviction waivers,[1] along with the maximum penalties he faced

---

[1] Jones waived his right to appeal and his right to contest his conviction or sentence in any collateral proceeding; the plea agreement provides in part:

(including a mandatory minimum of 10 years imprisonment and a maximum of life imprisonment; a five year period of supervised release; a $4,000,000 fine; and a $400 special assessment fee). The plea agreement called for a specific sentence of 20 years imprisonment, notwithstanding the higher maximum penalty he faced. In exchange for his plea of guilty, the government agreed that it would not charge Jones with additional drug trafficking crimes, that it would request the Court to dismiss Count 24,[2] and that Jones was entitled to a three level reduction in his sentencing guideline.

In the United States Probation Office's Pre-Sentence Investigation Report, it was determined that Jones had a Category II Criminal History with a total offense level fo 42, placing Jones in a guideline range between 360 months to life imprisonment, well

---

    Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742.  The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

    [2]A conviction on Count 24 would have mandated an additional 25-year consecutive sentence.

above his agreed upon sentence of 240 months.  This Court accepted the Rule 11(c)(1)(C) plea agreement, and sentenced Jones to the stipulated sentence of 20 years in prison in accordance with the parties' agreement.  Jones did not appeal his conviction or sentence; he now seeks relief under 28 U.S.C. § 2255, claiming (among other things) ineffective assistance of counsel for failure to perfect his requested appeal.

                                I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255.  The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id.

Jones submits, under penalty of perjury, that he instructed his counsel to file a notice of appeal. Jones contends that his attorney disregarded these instructions and failed to file a timely notice of appeal.  Regardless of the viability of any claims he might raise on direct appeal, if he demonstrates by a preponderance of the evidence that he requested an appeal, the Fifth Circuit instructs that he is entitled to file an out-of-time appeal.

A.  *Failure to File Requested Appeal Constitutes* Per Se *Ineffective Assistance of Counsel*

A petitioner's claim of constitutionally ineffective counsel

based on the failure to file a notice of appeal is analyzed under Strickland v. Washington, 466 U.S. 688 (1984). See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). To show that counsel was deficient, a petitioner must show that counsel's failure to file a notice of appeal fell below an objective standard of reasonableness and that it prejudiced him. See U.S. v. Heckler, 165 Fed.Appx. 360 (5th Cir. 2006) (citing Flores-Ortgea, 528 U.S. at 484). In Flores-Ortega, the Supreme Court held that an attorney's failure to file a *requested* notice of appeal is *per se* ineffective assistance of counsel. 528 U.S. at 483-86. This is so regardless of the merit of any claims raised on appeal: notably, a defendant raising ineffective assistance of counsel for his counsel's failure to file a requested appeal need not demonstrate an ability to raise meritorious issues on appeal. Id. at 477-78. Instead, a petitioner shows ineffective assistance of counsel if he can show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

In United States v. Tapp, the Fifth Circuit extended the rule set forth in Flores-Ortega to apply even where a defendant has waived his right to appeal or seek collateral relief. 491 F.3d 263, 266 (5th Cir. 2007). The court held:

> [T]he rule of Flores-Ortega applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the petitioner is able to

>
> demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

Id. (joining the Second, Tenth, and Eleventh Circuits in holding that Flores-Ortega applies in cases involving appeal and collateral review waivers).[3] Thus, if petitioner is able to establish by a

---

[3]In fact, the majority of appellate courts to address the issue agree with this approach in the context of appellate waivers. See Campbell v. United States, 686 F.3d 353, 359 (6th Cir. 2012); Watson v. United States, 493 F.3d 960, 964 (8th Cir. 2007); United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007); United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). Nevertheless, there is a Circuit split; the two circuits in the minority are the Third Circuit and the Seventh Circuit. See United States v. Mabry, 536 F.3d 231, 241-42 (3d Cir. 2008)(concluding that where an attorney fails to file a notice of appeal as directed after the defendant waived his appellate rights in a plea agreement, waiver is the "threshold issue," holding that a defendant cannot bring an ineffective-assistance claim under Flores-Ortega "unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice"), cert. denied, 557 U.S. 903 (2009); Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008)(holding that once a defendant has validly waived his appellate rights, absent a non-frivolous issue that could be raised on appeal, "counsel should protect the client's interest in retaining the benefit of the plea bargain," even if it means ignoring a client's express instruction to appeal), *vacated on other grounds*, 554 U.S. 911 (2008). Quite reasonably, the Fifth Circuit and majority approach has been criticized:

> Even those courts that have applied Flores-Ortega in the waiver context have noted that presuming prejudice where there is a waiver makes little sense, because "most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date." United States v. Poindexter,

6

preponderance of the evidence that he told his attorney to file a notice of appeal, prejudice is presumed and he is entitled to file an out-of-time appeal.

It is clear that, even though Jones agreed to a stipulated sentence and waived virtually all of his post-conviction and appellate rights, his counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel.[4]

---

> 492 F.3d 263, 273 (4th Cir. 2007); accord Campusano, 442 F.3d at 777 ("Admittedly, applying the Flores-Ortega presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose."). So doing, they reach results that are admittedly "contrary to common sense." See Sandoval-Lopez, 409 F.3d at 1196.

Mabry, 536 F.3d at 241 n.9; see also United States v. Asad, No. 12-127, 2014 WL 1329937, at *4 (E.D. La. Apr. 2, 2014)(Vance, J.)(taking note of the criticism, and observing that "were the Court writing on a blank slate, it would be inclined to find that [the petitioner's] plea agreement waived his right to bring the present section 2255 motion.... But the slate is not blank.... Tapp is binding precedent."). The Government, in emphasizing Jones' waiver (and his agreement to a specific sentence of 20 years), undoubtedly echoes these critical sentiments. But this Court is bound to follow Fifth Circuit precedent, which instructs that Jones is entitled to an out-of-time appeal if he previously requested an appeal that his counsel neglected to file, regardless of the fact that he waived his appeal rights, and even without a showing that the appeal would have any merit whatsoever.

[4]This sort of outcome, inevitably due to the mishandling of the "duty-to-confer and appeal-filing step" coupled with binding case law, has prompted at least one district court to create a reminder Notice Of Counsel's Post-Conviction Obligations that is required to be furnished to counsel and client immediately after conviction; the form requires defendant and defense counsel to consult about appeal rights after which both execute and file the notice, memorializing the consultation and creating a record of the defendant's decision to appeal, or not. See Reed v. United

B.   *Petitioner's Right to an Evidentiary Hearing*

Jones submits that he instructed his attorney to appeal, that his attorney said that it would not do any good, but indicated that he would file the notice of appeal; but counsel never perfected the appeal. The only evidence in the record concerning whether or not Jones instructed his attorney to file a notice of appeal is Jones' statement under penalty of perjury. Under the circumstances, it would be improper to deny the petitioner's motion without an evidentiary hearing. 28 U.S.C. § 2255(b) provides in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In determining whether a petitioner's § 2255 motion warrants an evidentiary hearing, a two- part inquiry is conducted. Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979). First, the Court examines whether the record conclusively negates the factual predicates asserted in support of the motion. Id. If not, the Court next determines whether the movant would be entitled to relief if his factual allegations are true. Id. If the defendant would be entitled to relief, then the Court must conduct a hearing

---

States, Nos. 412-145, 413-201, 2014 WL 1347455, at *1 (S.D. Ga. Apr. 4, 2014); Baughman v. United States, Nos. 407-191, 407-130, 2008 WL 3861991, at *3-6 (S.D. Ga. Aug. 18, 2008)(attaching copy of Notice).

to ascertain the validity of the movant's factual assertions. Id.

With respect to the first prong of the inquiry, the Court finds that the record does not conclusively negate Jones' sworn contention that his attorney disregarded his request to appeal his sentence. In fact, there is nothing in the record that even raises a dispute as to whether Jones instructed his counsel to file a notice of appeal. Nevertheless, even had the Government submitted an affidavit from Jones' prior counsel in which he swore that Jones, in fact, did not instruct him to file an appeal, the Fifth Circuit has held that "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." See Friedman, 588 F.2d at 1015; see also Machibroda v. United States, 368 U.S. 487, 495 (1962) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.").

In light of the clearly applicable law -- that counsel's failure to perfect a requested appeal constitutes *per se* ineffective assistance of counsel -- the petitioner has also satisfied the second prong of the evidentiary hearing standard by establishing that he would be entitled to relief if his allegations were proven.

## II. Out-of-Time Appeal Procedure

The only evidence in the record shows that Jones requested that his counsel perfect an appeal, and that no notice of appeal

was ever filed.  The Court finds that granting Jones the relief he seeks[5] provides a more efficient resolution than conducting a hearing, particularly where, as here, it is uncertain whether Jones' counsel will even dispute (or recall whether) Jones instructed him to appeal.

If counsel failed to perfect a requested appeal, granting an out-of-time appeal is a permissible remedy. See <u>United States v. Cooley</u>, 549 Fed.Appx. 307, 308 (5th Cir. 2013)(citing <u>U.S. v. West</u>, 240 F.3d 456, 459 (5th Cir. 2001)); <u>see</u> <u>also</u> Mack v. Smith, 659 F.2d 23, 25 (5th Cir. 1981).  Because "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time appeal", the judgment-reinstatement procedure set forth by the Fifth Circuit must be followed in these circumstances.  See <u>U.S. v. West</u>, 240 F.3d 456, 459 (5th Cir. 1993)(emphasis in original).  This procedure calls for dismissing the petitioner's § 2255 petition without prejudice and reinstating the petitioner's judgment of conviction to reset the time for which his appeal should run.  See <u>Mack v. Smith</u>, 659 F.2d 23, 26 (5th Cir. 1981).[6]   The procedure thus remedies counsel's deficiency in

---

[5]Jones requests that the Court defer ruling on his habeas petition pending the outcome of his out-of-time appeal; he requests that the Court "[r]einstate the judgment of conviction...and advise [him] of his right to file a notice of appeal, [and] appoint counsel...."

[6]In sanctioning this procedure, the Fifth Circuit distinguished between the statutory and judicial remedy: If the district court "choos[es] the judicial remedy, the court must

failing to file the requested appeal by providing the opportunity to file a notice of appeal from the re-imposed sentence within the time limit mandated by Federal Rule of Appellate Procedure 4(b)(1)(A).[7]

IT IS ORDERED: that Jones' motion to amend his § 2255 petition to include his affidavit is GRANTED. The Court hereby invokes the judgment-reinstatement procedure; IT IS FURTHER ORDERED: that the petitioner's § 2255 petition is hereby dismissed without prejudice, and the Clerk of Court is directed to REINSTATE the judgment in this case. To file a timely appeal, Jones must file a notice of appeal from the re-imposed judgment in accordance with Federal Rule of Appellate Procedure 4(b)(1)(A).

New Orleans, Louisiana, June 5, 2014

*[signature]*
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides." West, 240 F.d 3d at 459.

[7]The Court notes that the petitioner's knowing and voluntary waiver of his appeal rights, while not a bar to his right to *file* an appeal, can and will be considered by the Fifth Circuit in evaluating the merits of any such appeal.