UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 09-0398 |
| THERON JONES | SECTION: "J" |

### ORDER & REASONS

Before the Court is a *pro se* Motion to Vacate, Correct, or Set Aside Sentence Pursuant To 28 U.S.C. § 2255 and *United States v. Davis*, 139 S. Ct. 2319 (2019) (Rec. Doc. 577) filed by Petitioner Theron Jones, and an opposition thereto (Rec. Doc. 575) filed by the Government. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be DENIED.

### FACTS AND PROCEDURAL BACKGROUND

Theron Jones seeks to collaterally challenge the validity of his conviction and sentence imposed on Count 23 based on the newly recognized right announced by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). The collateral challenge waiver contained in his plea agreement with the Government forecloses relief.

On April 27, 2011, Theron Jones pled guilty to racketeering, drug, and firearm offenses contained in the Superseding Indictment (Rec. Doc. 31) arising out of conduct during his membership in the New Orleans Central City "Josephine Dog Pound" gang. (Rec. Doc. 243). Specifically, Jones pled guilty to four counts of the Superseding Indictment: Count 1 (participating in a RICO conspiracy, in violation of 18 U.S.C. §

1

1962(d)); Count 2 (conspiracy to distribute 280 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), (b)(1)(D), and 846); Count 3 (conspiracy to possess firearms in furtherance of a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(o)); and Count 23 (using and carrying a firearm during and in relation to a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2)). At the time of his plea, Jones swore that the facts contained in the Factual Basis were true and correct. (Rec. Doc. 451).

The plea agreement Jones signed outlined his appellate and post-conviction waivers, along with the maximum penalties he faced (including a mandatory minimum of 10 years imprisonment and a maximum of life imprisonment; a five-year period of supervised release; a $4,000,000 fine; and a $400 special assessment fee). (Rec. Doc. 242). Pursuant to Rule 11(c)(1)(C), in the parties' plea bargain, the Government and Jones agreed that Jones should be sentenced to a specific sentence of 20 years' imprisonment, notwithstanding the higher maximum penalty he faced. The parties agreed that this specific 20-year sentence was reasonable because Jones "did not fire a weapon during the murder of Herbert Lane and because of his lack of criminal convictions." *Id.* In exchange for his plea of guilty, the Government agreed that it would not charge Jones with additional drug trafficking crimes, that it would request dismissal of Count 24 (a second charge of using and carrying a firearm during and in relation to a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2), conviction of which would have mandated an

2

additional 25-year consecutive sentence), and that Jones was entitled to a three-level reduction in his sentencing guideline. *Id.*

Notably, as part of the plea bargain, Jones waived his right to appeal or to collaterally challenge his conviction or sentence in any collateral proceeding; to this effect, page 3 of the plea agreement provides:

> **Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.**

(Rec. Doc. 242) (emphasis in original).

In the United States Probation Office's Pre-Sentence Investigation Report, it was determined that Jones had a Category II Criminal History with a total offense level of 42, placing Jones in an advisory guideline range between 360 months to life imprisonment, well above his agreed upon sentence of 240 months. This Court accepted the Rule 11(c)(1)(C) plea agreement, and on November 22, 2011, sentenced Jones to the stipulated sentence of 240 months in prison (comprised of 180 months as to each of Counts 1, 2, and 3, to be served concurrently, plus 60 months as to Count 23, to be served consecutively to Counts 1, 2, and 3) in accordance with the parties'

agreement. (Rec. Docs. 386, 388).

Jones did not appeal his conviction or sentence. However, he previously requested relief under 28 U.S.C. § 2255, claiming (among other things) ineffective assistance of counsel due to counsel's failure to perfect his requested appeal. (Rec. Doc. 479). Determining that Jones's counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel, the Court dismissed without prejudice the habeas petition and ordered the Clerk of Court to reinstate Jones's criminal judgment to allow him to pursue an out-of-time appeal. (Rec. Doc. 501). Following issuance of the reinstated judgment (Rec. Doc. 502), Jones appealed. (Rec. Doc. 504). On October 31, 2014, the Fifth Circuit remanded for this Court to determine in the first instance whether the tardy notice of appeal was due to excusable neglect or good cause. (Rec. Doc. 516). Upon referring the issue for hearing and recommendation, the magistrate judge recommended that the Court determine that the untimely notice of appeal was due to excusable neglect (Rec. Doc. 518); the Court adopted the Report and Recommendation (Rec. Doc. 519), and the matter was returned to the Fifth Circuit as ordered. Ultimately, on October 5, 2015, the Fifth Circuit granted Jones's counsel's motion for leave to withdraw from the representation and dismissed Jones's appeal after concurring with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. (Rec. Doc. 531-1).

On July 2, 2020, Jones filed a motion requesting an extension of time within which to file a habeas petition pursuant to 28 U.S.C. § 2255 so that he later may

4

pursue a claim under *United States v. Davis*, 139 S. Ct. 2319 (2019). Initially, the Court issued a briefing order and then granted the Government's motion requesting an extension of its opposition deadline. (Rec. Doc. 567, 571). On September 28, 2020, the Court issued an order recharacterizing Jones's motion seeking an extension of time to file a motion to vacate as an initial motion to vacate, ordered the Clerk's Office to redesignate the pleading as such, and administered the requisite warning under *Castro v. United States*, 540 U.S. 375 (2003), advising Jones he must either withdraw his recharacterized motion to vacate or amend it so that it contains any and all § 2255 claims he believes he has in order to avoid future restrictions on second or successive motions to vacate. (Rec. Doc. 576). On January 31, 2022, this case was reassigned to this Section of Court. (Rec. Doc. 590).

The Government does not challenge the timeliness of Jones's *Davis* claim; rather, the Government contends that the claim fails on the merits; should be denied as procedurally defective; and is barred by the collateral review waiver in the parties' plea agreement. (Rec. Doc. 575). Having failed to respond to the Court's order or otherwise file a reply in further support of his recharacterized motion to vacate, the Court considers the recharacterized habeas petition and the Government's opposition thereto.

## **LEGAL STANDARD**

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United

States." 28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255. Having considered the record, the motions, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary . . . .").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or

6

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

Where the petitioner collaterally challenges convictions or sentences that resulted from a plea bargain, the petitioner knowingly and voluntarily waived as part of the plea deal collateral review of his conviction and sentence, the government timely seeks enforcement of the collateral review waiver, and the plain language of the collateral review waiver applies, the Court must enforce the waiver as written. *See United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020) (rejecting as foreclosed by precedent Barnes's argument that he cannot waive his right to challenge an illegal or unconstitutional sentence and reciting the only two exceptions to the general rule that knowing and voluntary collateral review waivers are enforceable: ineffective assistance of counsel and sentences exceeding the statutory maximum); *see also United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.) (summarizing authorities holding that where the record contains no indication that ratification of a plea agreement and accompanying appellate and collateral challenge waiver was not voluntary or knowledgeable, the defendant will be held to the bargain he made). This is so regardless of whether the petitioner's asserted habeas grounds for relief implicate newly recognized changes in law, even those based on new retroactive constitutional rules of law. *See United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022) (reversing district court's order granting habeas relief to petitioner seeking relief under *United States v. Davis*; holding that the petitioner's collateral review plea waiver precluded collateral attack under §

2255); *accord United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) (unpublished, per curiam) (affirming district court's decision to enforce plea agreement's collateral challenge waiver and to dismiss the habeas motion seeking relief under *Davis*; specifically noting that "timely invocation of [petitioner's] waiver resolves this case" and this "waiver was part of a plea agreement that provided him with major benefits[.]").

In determining that the government's timely invocation of a valid collateral challenge waiver contained in a plea agreement forecloses habeas relief predicated on new constitutional rules like those articulated in *Davis*, the Fifth Circuit in *Caldwell* cited *Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022). There, in denying a writ of certiorari, "five Supreme Court justices recently reaffirmed[ that] plea waivers such as the one entered here preclude[ ] any argument based on the new caselaw." *Caldwell*, 38 F.4th at 1162 (internal quotations omitted). Other circuits are in accord with this understanding of appeal waivers and their preclusive effect on motions seeking the benefit of later changes in law. *See, e.g., King v. United States,* 41 F.4th 1363, 1370 (11th Cir. 2022) (holding that petitioner's *Davis* claim is no exception to the rule that "a defendant that waives the right to collaterally attack his sentence is bound by that decision"); *Portis v. United States*, 33 F.4th 331, 335, 338 (6th Cir. 2022) (observing that the "principle that future changes in law do not vitiate collateral-challenge waivers is mainstream" and dismissing *Davis* challenge as waived); *United States v. Goodall*, 21 F.4th 555, 563-64 (9th Cir. 2021) (noting that while "there always remains a chance the law could change in the defendant's favor,"

8

when the defendant waives his right to appeal, he "knowingly and voluntarily assumes that risk because he receives a presumably favorable deal under existing law."); *Oliver v. United States*, 951 F.3d 841, 844-45 (7th Cir. 2020) (holding that *Davis* challenge failed to "satisfy any of [its] recognized bases for avoiding a valid collateral-attack waiver," including a statutory-maximum exception).

To be sure, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Barnes*, 953 F.3d at 387 (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). A criminal defendant entering a knowing and voluntary plea waiver of appellate and collateral challenge rights "needn't have understood all the possible eventualities that could, in the future, have allowed him to challenge his conviction or sentence. His waiver only need[] be 'knowing,' not 'all-knowing.'" *Id.* at 388 (observing that "[m]ost other circuits have reached the same conclusion when considering appellate or collateral-review waivers in the context of *Johnson*-based challenges).

Some circuits recognize a "miscarriage of justice" exception to appellate or collateral-review waiver. *See, e.g., United States v. Cudjoe*, 634 F.3d 1163, 1167 (10th Cir. 2011) (defining circumstances qualifying as miscarriage of justice, including where the district court relied on an impermissible factor like race; ineffective assistance of counsel in negotiating the waiver renders the waiver invalid, the sentence exceeds the statutory maximum, or the waiver was "otherwise unlawful"). However, absent such exceptional circumstances being squarely invoked or any

relevant factor clearly implicated, the Fifth Circuit has thus far declined to either adopt or reject the exception. *See Barnes*, 953 F.3d at 389 (deeming insufficient briefing directed to the exception to constitute waiver); *see also United States v. Guinn*, No. 21-60550, 2022 WL 340591, at *2 (5th Cir. Feb. 4, 2022) (unpublished, per curiam) (dismissing appeal because petitioner waived his right to bring a postconviction challenge and declining to consider inadequate briefing concerning whether miscarriage of justice exception to the enforceability of the collateral review waiver would apply), *petition for cert. docketed on* June 28, 2022.

## **DISCUSSION**

There is no dispute that Jones agreed to waive his right to collaterally challenge his convictions and sentence. The Government moves to enforce as written the waiver, which the Government submits bars his *Davis* claim pressed here in a collateral challenge. For his part, Jones does not challenge the validity of this waiver. The Court finds that the collateral-review waiver must be enforced as written and thus the Court does not reach the merits of Jones's *pro se* collateral challenge invoking *Davis*.

"[I]t makes considerable sense to address the enforceability of a clearly worded collateral-challenge waiver before turning to the merits" of a habeas petition. *See Portis*, 33 F.4th at 338 ("What is the point of having such provisions in a plea agreement if they are not enforced at the outset?"). Here, Jones waived his right to collaterally challenge his convictions and sentence "on any ground" except for exceptions not implicated here. (Rec. Doc. 242). He is bound by that decision, just like

10

the Government is bound by its decision to agree to a 20-year prison sentence and its decision to seek to dismiss Count 24 of the superseding indictment, which at that time, upon conviction, would have mandated an additional 25-year consecutive sentence. Jones's plea agreement, and its accompanying waiver of collateral-review challenges, is enforceable and precludes his habeas petition. *See Caldwell*, 38 F.4th at 1162 (reversing the district court's decision to grant habeas relief under *Davis* because the petitioner's "plea waiver bars this collateral attack under § 2255.").

Because Jones's post-conviction waiver bars his *Davis* claim and enforcement of the waiver would not result in a miscarriage of justice because the government agreed to dismiss a charge that would have mandated an additional 25-year sentence in exchange for Jones's knowing and voluntary plea, Jones is not entitled to post-conviction relief. In light of the recent and unequivocal chorus of binding and persuasive authorities holding that valid, clearly-worded collateral challenge waivers timely invoked by the Government, are enforceable as a matter of law and apply by their terms to preclude collateral challenges predicated even on subsequent changes in law, the Court so holds and this forecloses a review of the merits of Jones's *Davis* claim.

## **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Because Jones does not dispute that he entered into a valid plea agreement in which he waived his right to collaterally challenge his conviction and sentence, he has not made a substantial showing of the denial of a constitutional right.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the *pro se* Motion to Vacate, Correct, or Set Aside Sentence Pursuant To 28 U.S.C. § 2255 and *United States v. Davis*, 139 S. Ct. 2319 (2019) filed by Petitioner Theron Jones **(Rec. Doc. 577)** is **DENIED** and an evidentiary hearing is not required.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana, this 24th day of August, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE