UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  09-398

THERON JONES                            SECTION: "J"

## ORDER & REASONS

Before the Court is a *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)* **(Rec. Doc. 600)** filed by Defendant, Theron Jones and an opposition (Rec. Doc. 612) filed by the United States of America. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On April 27, 2011, Defendant, Theron Jones pleaded guilty to participating in a Racketeer Influenced and Corrupt Organization ("RICO") conspiracy; conspiracy to distribute 280 grams or more of cocaine base ("crack"), a quantity of cocaine hydrochloride, heroin, and marijuana; conspiracy to possess firearms in furtherance of a crime of violence and drug trafficking crime; and using and carrying a firearm during and in relation to a crime of violence and drug trafficking crime. Jones was a member of the Josephine Dog Pound Gang which operated in Central City in New Orleans. Pursuant to his 11(c)(1)(C) plea agreement, Jones was sentenced to twenty-years imprisonment

1

which was ten years less than the bottom of his guideline range which called for 360 months to life imprisonment. Jones has been incarcerated since September 14, 2010 with a projected release date of April 28, 2028.

Jones filed the instant motion for sentence reduction, arguing in part that if he were sentenced today, he would only receive seven years rather then 20 under Attorney General Garland's memorandum directing federal prosecutors to seek equal treatment between crack and cocaine cases.

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted her administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and

compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271, 287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).[1] If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

Jones asserts, and the Government does not dispute that Jones has exhausted all administrative requirements to seek compassionate release. (Rec. Docs. 600, at 3 and 612, at 7). Therefore, the Court will now turn to the merits of Jones' motion.

Under 18 U.S.C. § 3582(c)(1)(A) as modified by Section 603 of the FIRST STEP Act, a sentencing court may reduce an imposed sentence upon a showing of either extraordinary and compelling reasons or that the defendant is at least 70, has served

---

[1] Policy statements are binding in § 3582(c) proceedings. *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011).

at least 30 years in prison, and is no longer a danger to any other person or his community. As Jones is less than 70 years old, he must demonstrate that there are extraordinary and compelling reasons for his release. "Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction[.]" *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021). The Sentencing Commission, however, provided four categories of extraordinary and compelling reasons in the commentary to its only corresponding policy statement: (A) medical conditions; (B) age; (C) family circumstances; and (D) other reasons as determined by the Director for the BOP. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)-(D) (U.S. SENT'G COMM'N 2021). Jones does not attempt to argue that his circumstances warrant a sentence reduction due to his medical conditions, age, or family circumstances. Therefore, the Court must determine whether the other reasons he puts forward are sufficient to justify a reduced sentence.

Jones argues that his sentence should be reduced because "if [he] were sentenced today, he would face a sentence of 7 years, not 20 years as he is now serving." (Rec. Doc. 600, at 21). Jones relies on Attorney General Merrick Garland's December 16, 2022 memoranda directing all federal prosecutors to seek equal treatment of crack and cocaine cases. Jones argues that if he were sentenced under the Attorney General's guidelines, his new sentencing range would have been 72 to 110 months. Jones asserts that the bulk of his sentence was determine "not by his conduct during the conspiracy, but by the amount of cocaine base charged in the

4

indictment," and that his guideline range would have been lower had crack and cocaine been treated the same under the sentencing guidelines at the time. *Id.*

In opposition, the Government argues that the Garland Memoranda has no effect on Jones' sentence. First, the Government points out that his twenty-year sentence was not largely based on his crack cocaine related charge as the Jones asserts. Rather his sentence is the result of a plea agreement based on his participation in a RICO conspiracy, drug trafficking conspiracy, firearm conspiracy, and the use of firearms during his drug trafficking crimes. Under this plea agreement, the Government agreed to dismiss an additional charge under 18 U.S.C. § 924(c)(1)(A) which would have carried an additional, mandatory 60-month sentence which would have run consecutively to Jones' other charges. Additionally, the Government points out that Jones' total offense level was calculated not due to any crack-cocaine related activities, but rather due to a cross-reference with a first-degree murder at which Mr. Jones was present. (Rec. Doc. 612, at 10). Finally, the Government asserts that the Garland Memorandum was meant only as guidance to federal prosecutors and was not intended to create a substantive right for previously sentenced individuals. Therefore, the Government argues that Jones has not demonstrated the extraordinary and compelling reasons necessary to reduce his sentence.

Jones also argues that he should be released because he is not a danger to the safety of any other person in his community. Jones states that his conduct is "less

5

serious than other defendant's who have received compassionate release." (Rec. Doc. 600, at 23). Jones also points out that he has completed numerous educational programs while incarcerated, is active in the BOP's suicide prevention program, and has been clear of disciplinary infractions. *Id.* at 24. Although these are positive steps, they are not enough to warrant a reduction of Jones' sentence. Mr. Jones was convicted as part of a RICO conspiracy involving a large a drug trafficking operation and many instances of violence including the murder of an innocent bystander during the attempted killing of a rival gang member. Although Jones did not pull the trigger himself, he knew that his co-defendant, Darryl Shields, intended to murder this rival. Therefore, the Court finds that Jones has not presented any extraordinary or compelling reason for a reduction in his sentence.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Theron Jones' *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)* **(Rec. Doc. 600)** is **DENIED.**

New Orleans, Louisiana, this 31st day of May, 2023.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE